**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **EDWARD BENNETT,**           ) | |
| )                                         | |
| **Plaintiff,**    ) | |
| )                                         | |
| vs.                                      ) | Case No. 09-CV-612-TCK-PJC |
| )                                         | |
| **LASHEDDA JOHNSON, MARK**   ) | |
| **WOLLMERSHAUSER,**          ) | |
| **CITY OF TULSA,**           ) | |
| **TULSA POLICE DEPARTMENT,** ) | |
| **CITY ATTORNEY'S OFFICE,**  ) | |
| )                                         | |
| **Defendants.**   ) | |

## OPINION AND ORDER

Before the Court are Defendant Mark Wollmershauser's Motion to Dismiss (Doc. 29) and Defendant Tulsa Police Department's and City Attorney's Office Special Appearance and Motion to Dismiss (Doc. 30). Plaintiff filed *pro se* responses to both motions (Docs. 33, 34), and no replies were filed.

**I.    Factual Background**

The Court has construed Plaintiff's *pro se* filings (Docs. 1 and 22) as one Amended Complaint ("Amended Complaint"), and the following facts are alleged in the Amended Complaint. In essence, Plaintiff's Amended Complaint alleges that Defendants intentionally conspired to have him falsely arrested, falsely charged, and maliciously prosecuted for the crime of child stealing. Plaintiff alleges that one motivation for Defendants' actions was Plaintiff's filing of a prior lawsuit against the City of Tulsa ("City"). Plaintiff's claim is labeled as a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." (*See* Doc. 1.)

Plaintiff alleges that Defendant Lashedda Johnson ("Johnson"), a "mayor's assistant," falsely accused him of the crime of child stealing and used her authority as a city employee to instigate and

influence his being falsely charged and arrested for such crime.[1]  Plaintiff alleges that Johnson (1) violated his Fourth Amendment rights by making false allegations against him and causing him to be maliciously prosecuted; (2) violated his Fourteenth Amendment rights by maliciously conspiring to deprive him of his liberty; and (3) violated his First Amendment rights by conspiring to retaliate against him for suing the City in a prior civil case.

Plaintiff alleges that Defendant Mark Wollmershauser, a Tulsa Police Department Officer ("Wollmershauser"), arrested him without a warrant, without probable cause, and without investigating relevant and "readily available" evidence.  Plaintiff alleges that Wollmershauser (1) violated his Fourth Amendment rights by arresting him without a warrant or probable cause; (2) violated his Fourteenth Amendment rights by filing false charges and willfully "omitting" relevant evidence; and (3) violated his First Amendment rights by conspiring to retaliate against him based on his prior convictions and his prior suit against the City.

Plaintiff alleges that Defendants City, Tulsa Police Department ("TPD"), and Tulsa City Attorney's Office ("City Attorney's Office"), by and through "unknown city attorneys" ("Unknown Attorneys"), (1) violated his Fourth Amendment rights by maliciously prosecuting him and producing at trial a fraudulent conviction record; (2) violated his Fourteenth Amendment rights by failing to properly train and discipline "police for perjured testimony/false charges filed for purpose of obtaining false convictions"; and (3) violated his First Amendment rights by retaliating against him based on his prior suit against the City.

TPD and City Attorney's Office moved to dismiss on grounds that they cannot be sued as separate legal entities and are therefore not proper defendants.  Wollmershauser moved to dismiss,

---

[1] Johnson is apparently the mother of Plaintiff's child.

arguing that (1) claims asserted against him in his individual capacity must be dismissed because he is entitled to qualified immunity, and (2) claims asserted against him in his official capacity must be dismissed because they are actually claims against the City. Both motions are made pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

## II.     General Rule 12(b)(6) Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ] [his] claims across the line from conceivable to plausible.'" *Schneider*, 493 F.3d at 1177 (quoting *Twombly*, 127 S. Ct. at 1974). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Schneider*, 493 F.3d at 1177.

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement

3

of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. In addition, the Tenth Circuit has stated that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and that whether a defendant receives fair notice "depends on the type of case." *Id.*

### IV.     Wollmershauser's Motion to Dismiss

Wollmershauser argues that, as to claims asserted against him in his individual capacity, he is entitled to qualified immunity. *See Mecham v. Frazier*, 500 F.3d 1200, 1203 (10th Cir. 2007) ("Public officials facing civil liability for alleged constitutional violations may assert qualified immunity.") The doctrine of qualified immunity provides "immunity from suit rather than a mere defense to liability" and "prevents undue interference with public affairs by cutting short baseless litigation against government actors." *Id.* (internal quotations omitted). "Because qualified immunity is effectively lost if a case is permitted to go to trial, it should be resolved as early as possible." *Id.* (internal quotations omitted).

In the section of his brief explaining relevant legal standards, Wollmershauser cites *Robbins v. Oklahoma ex rel. Department of Human Services*, 519 F.3d 1242, 1247 (Okla. 2008), as setting forth the standards governing motions to dismiss based on the doctrine of qualified immunity. Wollmershauser argues that the Amended Complaint fails to state a claim because it "omits some very necessary facts," and "the Court cannot plausibly infer" that Wollmershauser conspired, retaliated, or falsely arrested Plaintiff. (Wollmershauser's Mot. to Dismiss 4.) Confusingly, in the argument section of his brief, Wollmershauser cites to the legal standard governing motions for

4

summary judgment based on the doctrine of qualified immunity. (*See id.* 6 (citing *Mecham*, 500 F.3d at 1204 (explaining the heavy, two-part burden of a "plaintiff seeking to avoid summary judgment on qualified immunity grounds")).) Wollmershauser then argues that "[a]ny reasonable officer would have probable cause to seek a warrant for Plaintiff's arrest based upon the information provided by [Johnson], and the conversations between [Wollmershauser] and Plaintiff. Furthermore, the TRACIS records, and [Wollmershauser's] affidavit attached to the TRACIS report elicit a detailed account of the information [Wollmershauser] had . . . ." (Wollmershauser's Mot. to Dismiss 7.)[2] Thus, Wollmershauser's brief is less than clear as to the applicable standard and whether the Court may consider the evidence attached to the motion.

First, the Court concludes that the *Robbins* standard governs Wollmershauser's motion to dismiss and that such standard requires the Court to analyze only the factual allegations in Plaintiff's Amended Complaint. The Tenth Circuit has explained:

> To nudge their claims across the line from conceivable to plausible, in this context [§ 1983 claim], plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made. This does not mean that complaints in cases subject to qualified immunity defenses must include all the factual allegations necessary to sustain a conclusion that defendant violated clearly established law. . . . However, the complaint must meet the minimal standard of notice pleading as articulated by the Court in *Twombly*. Although we apply the same standard in evaluating dismissals in qualified immunity cases as to dismissals generally, complaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include

---

[2] As evidence of the reasonableness of his actions, Wollmershauser attached: (1) a TPD Incident Report, which includes Wollmershauser's summary of the arrest and an unsigned affidavit; (2) a Tulsa County Order dated February 8, 2000 awarding Johnson custody of Plaintiff and Johnson's son and referring the issue of Plaintiff's visitation to a pro bono mediator; and (3) a Protective Order dated June 24, 1999 preventing Plaintiff from abusing, visiting, threatening, and being in the proximity of Johnson. (*Id.* at Exs. 1-3.)

>   complex claims against multiple defendants. The *Twombly* standard may have greater bite in such contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest possible stage of a litigation. Without allegations sufficient to make clear the "grounds" on which the plaintiff is entitled to relief, it would be impossible for the court to perform its function of determining, at an early stage in the litigation, whether the asserted claim is clearly established.

*Robbins*, 519 F.3d at 1249. Thus, although Rule 12(b)(6) may have more "bite" in the context of qualified immunity so as to allow resolution of this issue "at the earliest stage of the litigation," the court's inquiry is still focused on a plaintiff's allegations and not an evidentiary record. If a plaintiff's allegations are sufficiently plausible to survive a motion to dismiss, a court may properly "impos[e] [] the burdens of discovery on state actors." *Id.* at 1249 n.2.

In this case, the precise allegations related to Wollmershauser include:

>   Mark Wollmershauseras [sic] individual/color of law:
>   "[1] 4th amendment - False arrest for lack of probable cause for warrantless arrest by failure to investigate relevant/readily available evidence.
>   [2] 4th amendment - Malicious prosecution for filing of false charges willfully omitting relevant evidence subjecting plaintiff to face false felony charges.
>   [3] 4th amendment - Conspiracy to maliciously prosecute for failure to investigate before invoking the power of warrantless arrest and ommission [sic] of relevant testimony as well as false testimony given during probable cause hearing/police reports depriving plaintiff of right to be free from vexatious litigation. (Due Process)
>   [4] 1st amendment - Conspiracy to retaliate against plaintiff by false arrest/charges and ommission [sic] of relevant evidence during trial for plaintiff's prior record (arrest, conviction) as well as plaintiff's civil case against fellow officers and employer (City of Tulsa).

(Doc. 22.) Additional facts contained in the original Complaint include that the "charges [were] dropped for lack of probable cause at preliminary hearing" and that the "[a]lleged victim . . . gave truthful testimony during preliminary hearing disputing allegation by Johnson/[Wollmershauser] that plaintiff concealed child from anyone." (Doc. 1.)

6

Applying the *Robbins* standard to Plaintiff's allegations, Plaintiff has alleged facts sufficient to provide Wollmershauser notice of the theory under which Plaintiff's constitutional claim is made. *Robbins*, 519 F.3d at 1249. Plaintiff's *pro se* pleading sets forth actions relevant to each specific Defendant and identifies constitutional violations committed by each Defendant as a result of such actions. Thus, the allegations make clear "who is alleged to have done what to whom" and provide notice to Wollmershauser of the basis of the claim against him, as distinguished from allegations against other Defendants in this case. *Cf. Robbins*, 519 F.3d at 1250 (dismissing claims because complaint "fail[ed] to isolate the allegedly unconstitutional acts of each defendant" and impermissibly grouped claims against a DHS director, local DHS workers, and the operator of a private day care) ("The complaint makes no mention of which if any of these defendants had direct contact with Renee and her parents, and for those defendants who had no direct contact, how they might be individually liable for deprivations of Renee's constitutional rights."); *Cutter v. Metro Fugitive Squad*, No. CIV-06-1158, 2008 WL 4068188, at *11 (W.D. Okla. Aug. 29, 2008) (dismissing § 1983 claim because the plaintiffs "failed to allege any 'affirmative link' between any alleged constitutional deprivations and the defendant's personal participation, his exercise of control or direction, or his failure to supervise").

Further, the allegations are sufficient to show that Wollmershauser plausibly violated Plaintiff's constitutional rights and that those rights were clearly established at the time. If true, Plaintiff's allegations show that Wollmershauser and Johnson, a fellow city employee, conspired to maliciously, willfully, and falsely accuse, arrest, and prosecute Plaintiff for the crime of "child stealing." According to Plaintiff, Wollmershauser had no probable cause to arrest him for this crime and failed to conduct any reasonable investigation to determine if Plaintiff had a right to be with his

child at the time of his arrest. Wollmershauser allegedly did so based on a conspiracy with Johnson, a fellow city employee. Wollmershauser also allegedly gave false testimony during Plaintiff's preliminary hearing. Plaintiff further contends that, after hearing the child's testimony during a preliminary hearing, a judicial officer dropped the charges against Plaintiff for lack of probable cause. These allegations "plausbily" demonstrate a violation of, at a minimum, Plaintiff's Fourth Amendment rights. *See Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (explaining that warrantless arrest without probable cause can, in certain circumstances, violate a person's Fourth Amendment rights) ("When a warrantless arrest is the subject of a § 1983 action, the defendant arresting officer is 'entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest' the plaintiff."). While the evidence submitted by Wollmershauser may well establish probable cause or a reasonable belief that probable cause existed for Plaintiff's arrest at the summary judgment stage, the Court's Rule 12(b)(6) inquiry is limited to Plaintiff's allegations. Therefore, Wollmershauser's motion to dismiss all individual-capacity claims asserted against him is denied.

Wollmershauser also moves to dismiss claims asserted against him in his official capacity, arguing that such claims are actually claims against the City and are therefore "redundant." "An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998); *see also Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 695 (10th Cir. 1988) ("A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same."). Because the City is already a Defendant in this lawsuit, the "official capacity" claims against Wollmershauser are redundant and may be dismissed. *Moore v. Bd. of County Comm'rs of*

*County of Leavenworth*, 470 F. Supp. 2d 1237, 1256 (D. Kan. 2007) (granting summary judgment in favor of sheriff and holding that "official capacity claims" against sheriff were "redundant because they [were] actually claims against the County itself," where the plaintiffs had separately sued the county).

### III. TPD and City Attorney's Office's Motion to Dismiss

TPD and City Attorney's Office are not separate legal entities from Defendant City because they are simply departments within the municipality, which is the proper suable entity under Oklahoma law. *See* Okla. Stat. tit. 11, § 22-101 (stating that "municipality" has capacity to sue and be sued); Okla. Stat. tit. 51, § 152(10) (defining "municipality" as inclusive of all its "agencies"); *id.* § 152(2) (defining "agency" as including any "department"). Therefore, the Court will dismiss these entities from the lawsuit. *Miller v. City of Claremore*, No. 06-CV-328, 2006 WL 2316245, at * 1 (N.D. Okla. Aug. 9, 2006) (dismissing Claremore Police Department as defendant because it did enjoy separate legal existence from City of Claremore) (citing *Ketchum v. Albuquerque Police Dep't.*, 958 F.2d 381 (10th Cir.1992)); *Young v. City of Norfolk*, No. L03-931, 2003 WL 21730724, at * 2 (Va. Cir. Ct. Jul. 17, 2003) ("[T]he City Attorney's Office . . . [is] not [a] separate legal entity with the capacity to sue or be sued, but, rather, are parts of the City.").[3] The City remains as a Defendant in the lawsuit.

Defendant Mark Wollmershauser's Motion to Dismiss (Doc. 29) is DENIED as to claims asserted against him in his individual capacity and GRANTED as to claims asserted against him in his official capacity. Defendant Tulsa Police Department's and City Attorney's Office Special

---

[3] With respect to Unknown City Attorneys, Plaintiff must move the Court to amend his Amended Complaint if and when he learns the identities of any relevant individuals.

Appearance and Motion to Dismiss (Doc. 30) is GRANTED, and these Defendants are dismissed from the lawsuit.

SO ORDERED this 11th day of June, 2010.

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**