**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EDWARD BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CV-612-TCK-PJC |
| ) | |
| LASHEDDA JOHNSON, MARK ) | |
| WOLLMERSHAUSER, ) | |
| CITY OF TULSA, ) | |
| LUCRETIA D. MOORE, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is Defendant Lucretia D. Moore's Motion to Dismiss (Doc. 60) or, Alternatively, Motion for More Definite Statement (Doc. 61). Plaintiff filed a *pro se* response to such motion (Doc. 62), and no reply was filed.

**I.  Factual Background**

On June 11, 2010, the Court ruled on then-pending motions to dismiss. (*See* Doc. 45.)[1] On July 2, 2010, following an unsuccessful settlement conference, the Court entered a schedule. The schedule set a deadline of July 30, 2010 for filing motions to join or amend. On July 30, 2010, Plaintiff filed an Amended Complaint ("Second Amended Complaint") without leave of court. (*See* Doc. 55.) In such amendment, Plaintiff wrote in "Lucretia D. Moore - addition" in the case caption and added allegations regarding Lucretia Moore ("Moore"). On the same date, the Court construed the "Amended Complaint" as a motion for leave to file a second amended complaint ("Motion for Leave") and ordered that responses be filed in accordance with the local rules. No responses were filed. On January 10, 2010, the Court granted the Motion for Leave and allowed Plaintiff to file a

---

[1] This Order sets forth a complete factual background and is incorporated by reference.

Second Amended Complaint. (*See* Doc. 64.) Moore moved to dismiss all claims asserted against her pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Rule 12(b)(6) Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "nudge [ ] [his] claims across the line from conceivable to plausible." *Schneider*, 493 F.3d at 1177 (internal quotations omitted). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Schneider*, 493 F.3d at 1177.

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the

2

claim against them." *Id.* at 1248. In addition, the Tenth Circuit has stated that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and that whether a defendant receives fair notice "depends on the type of case." *Id.*

As set forth in the Court's prior Order (Doc. 45), the Tenth Circuit has explained the Rule 12(b)(6) standard in the context of § 1983 claims:

> To nudge their claims across the line from conceivable to plausible, in this context [§ 1983 claim], plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made. This does not mean that complaints in cases subject to qualified immunity defenses must include all the factual allegations necessary to sustain a conclusion that defendant violated clearly established law. . . . However, the complaint must meet the minimal standard of notice pleading as articulated by the Court in *Twombly*. Although we apply the same standard in evaluating dismissals in qualified immunity cases as to dismissals generally, complaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants. The *Twombly* standard may have greater bite in such contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest possible stage of a litigation. Without allegations sufficient to make clear the "grounds" on which the plaintiff is entitled to relief, it would be impossible for the court to perform its function of determining, at an early stage in the litigation, whether the asserted claim is clearly established.

*Robbins*, 519 F.3d at 1249; *see also See VanZandt v. Okla. Dep't of Corr.*, 276 Fed. Appx. 843, 847 (10th Cir. 2008) (explaining and applying *Robbins* standard).

### III. Moore's Motion to Dismiss

First, Moore argues that the Second Amended Complaint is "so devoid of any material facts against Defendant Moore than no reasonable Answer can even be drafted" and that Plaintiff "merely recites a number of alleged events without even stating how Defendant Moore is even related to it

all, what she should have done differently or even explain how she was involved in the things [Plaintiff] claims she did." (Mot. to Dismiss 2.) Moore explained in her motion to dismiss that she is a "clerk who simply released a file to a prosecutor" and argued that the Second Amended Complaint provides "no explanation how handing a file to a prosecutor can violate [Plaintiff's] right to a fair trial nor does it explain how she retaliated against him, deprived him of liberty or how any of that constitutes libel." (*Id.* 2-3.) Essentially, Moore argues that Plaintiff's allegations are insufficient to satisfy Twombly's pleading requirements. *See VanZandt*, 276 Fed. Appx. at 847-48 (10th Cir. 2008) (analyzing motion to dismiss § 1983 claim by first discussing "notice and plausibility" pleading requirements and then discussing whether allegations set forth a clearly established constitutional violation).

> In the Second Amended Complaint, Plaintiff alleges:
>
> Lucretia D. Moore (preparer): For fraudulent production of conviction record of one Edward Bennett in felony child stealing prosecution cf-5996-08 in Tulsa, OK, in attempts to violate plaintiff's right to a fair trial by biasing potential jurors to shocking accusations of crimes not committed by plaintiff to bolster attempted conviction for retaliation 1st, 14th. Deprivation of liberty. Libel, Retaliation.

(Second Am. Compl. 3.) Construing Plaintiff's pro se allegations liberally, as the Court must, the Second Amended Complaint alleges that Moore "fraudulently produced" a conviction record "in attempts to violate plaintiff's right to a fair trial." Plaintiff also alleges that the report included "crimes not committed." As the underlying constitutional violations, Plaintiff cites the "1st and 14th," which are references to the First and Fourteenth Amendments and also cites "libel" and "retaliation."

In his response to the motion to dismiss, Plaintiff further explained that Moore "maliciously and without regard for truth fabricated [his] conviction record." (Resp. to Mot. to Dismiss 2.) Plaintiff contended that he first learned of these fabrications when preparing for this case:

> Plaintiff contends that upon contact with both records departments during preparation for this 09-CV-612 case they have no record of these convictions and both officials claimed Ms. Moore did not receive this particular information from their records. Plaintiff was not aware of "extra" convictions on said document until or about late August of 2009 during record gathering for this civil case. . . .
> Plaintiff contends that defendant Moore published/initiated and or produced a libel document . . . stating two false convictions that were claimed by Ms. Moore to have come from Tulsa police as well as Tulsa court clerk records. Plaintiff contends said document was furiously denied by both respected clerks with their contention "they (clerks) don't know where Ms. Moore got this information, but she did not receive this from me/us" at records department.

(*Id.* 2-3.) As to the constitutional or statutory violations at issue, Plaintiff specifically identified Oklahoma's libel statute and the Fourteenth Amendment.

In determining whether the allegations satisfy pleading requirements, the Court has considered all allegations in Plaintiff's prior pleadings and attachments thereto (Docs. 1, 22), Plaintiff's Second Amended Complaint (Doc. 64), and Plaintiff's response to Moore's motion to dismiss (Doc. 62). *See Pratt v. Corr. Corp. of Am.*, 124 Fed. Appx. 465, 466 (8th Cir. 2006) (explaining that district court "was required to consider the allegations not only in [the plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings"). The Court concludes that Plaintiff's allegations are sufficient to satisfy pleading requirements. Contrary to Moore's argument, Plaintiff has not alleged that Moore violated his constitutional rights simply by handing a file over to the prosecutor, which would legitimately force Moore to speculate as to how such action potentially gives rise to § 1983 liability premised upon a Fourteenth Amendment violation. However, construing all allegations in their most

favorable light, Plaintiff alleges that Moore fabricated two convictions on Plaintiff's conviction record prior to giving the file to relevant individuals involved in Plaintiff's criminal trial.[2] Further, Plaintiff alleges that, based upon his research, police records do not support the existence of these prior convictions. Plaintiff has not explained any relationship between Moore and Plaintiff, such as that existing between Plaintiff and Johnson. However, taken in context of the other allegations – namely, that Johnson, the mother of his child and a city employee, conspired with a city officer to have Plaintiff falsely arrested and prosecuted for child stealing his own child – the inference is that Moore assisted in this endeavor. As with the allegations against other Defendants, they may be entirely untrue. However, that is not the inquiry at the Rule 12(b)(6) stage.

In sum, Plaintiff has provided sufficient allegations against Moore to satisfy the "notice and plausibility" requirements by (1) alleging that Moore falsified his conviction report by adding two false convictions, (2) alleging that Moore gave such falsified report to another individual for use in his criminal proceeding, (3) alleging that police records do not corroborate the existence of what Plaintiff refers to as "extra convictions," and (4) identifying the First and Fourteenth Amendments and Oklahoma's libel statute as the underlying constitutional and/or statutory violations. *See VanZandt,* 276 Fed. Appx. at 847-48 (10th Cir. 2008) (finding that plaintiff asserting that state actor had submitted false affidavit to procure child abuse conviction had satisfied "notice and plausibility" requirements where complaint identified specific state actor, alleged specific actions taken by her, alleged a date[3] and purpose for such actions, and stated reasons that affidavit was false); *cf. Robbins*,

---

[2] For a complete factual background and the allegations against other Defendants, see Doc. 45, which is incorporated herein by reference.

[3] Plaintiff has not provided any dates of Moore's actions. However, it can be inferred that the date of her alleged actions is on or about the time of Plaintiff's criminal prosecution for

519 F.3d at 1250 (dismissing claims because complaint "fail[ed] to isolate the allegedly unconstitutional acts of each defendant" and impermissibly grouped claims against a DHS director, local DHS workers, and the operator of a private day care) ("The complaint makes no mention of which if any of these defendants had direct contact with Renee and her parents, and for those defendants who had no direct contact, how they might be individually liable for deprivations of Renee's constitutional rights."); *Cutter v. Metro Fugitive Squad*, No. CIV-06-1158, 2008 WL 4068188, at *11 (W.D. Okla. Aug. 29, 2008) (dismissing § 1983 claim because the plaintiffs "failed to allege any 'affirmative link' between any alleged constitutional deprivations and the defendant's personal participation, his exercise of control or direction, or his failure to supervise").

Second, Moore argues that Plaintiff has failed to "present evidence upon which a jury could reasonably find . . . that she violated [Plaintiff's] constitutional rights" and that Moore is therefore entitled to dismissal based on the doctrine of qualified immunity. (*Id.* 6.) Although Moore couches her argument in terms of qualified immunity, she does not make any arguments regarding whether the allegations, if true, support a finding of a clearly established constitutional violation. Instead, Moore's argument focuses on Plaintiff's lack of evidentiary support for his claims. (*See* Mot. to Dismiss 5 (arguing that "[if] Defendants challenge Plaintiff's Complaint by a motion to dismiss, this Court must consider whether Plaintiff's evidence demonstrates a triable conflict on facts material to Defendants' defense") (citing *DeVargas v. Mason & Hanger-Silas Mason Co., Inc.*, 844 F.2d 714, 719 (10th Cir. 1988)).) However, under the standards set forth in *Robbins* and *Van Zandt*, the filing of a motion to dismiss challenging the sufficiency of the complaint's allegations does not require Plaintiff to come forward with evidence, and Moore's cited authority does not support such a

---

child stealing in Tulsa County District Court.

proposition. *See DeVargas*, 844 F.2d at 719 (holding that "courts of appeals should consider in the light most favorable to the plaintiff all undisputed facts discernible from the pleadings and other materials submitted to supplement them by the time the motion for summary judgment is made"). Therefore, the Court rejects Moore's second argument based on Plaintiff's lack of evidence.

Finally, Moore argues that, at a minimum, the Court should order Plaintiff to provide a more definite statement. (*Id.* 6-7.) However, the Court concludes that Plaintiff's response to Moore's motion to dismiss constitutes a more definite statement and that Plaintiff need not provide any further factual allegations at the pleading stage.[4]

## IV.   Conclusion

Defendant Lucretia D. Moore's Motion to Dismiss (Doc. 60) is DENIED. Her alternative Motion for More Definite Statement (Doc. 61) is DENIED.

SO ORDERED this 5th day of January, 2011.

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**

---

[4] Moore did not filed a reply brief addressing the more detailed allegations set forth in Plaintiff's response.