# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

EDWARD BENNETT, )
 )
       **Plaintiff,** )
 )
vs. ) Case No. 09-CV-612-TCK-FHM
 )
LASHEDDA JOHNSON, MARK )
WOLLMERSHAUSER, )
CITY OF TULSA, and )
LUCRETIA D. MOORE, )
 )
       **Defendants.** )

## OPINION AND ORDER

Before the Court are Defendant Lucretia Moore's Motion for Summary Judgment (Doc. 98); Defendant Lashedda Johnson's Motion for Summary Judgment (Doc. 99); and Defendant Lashedda Johnson's Motion to Strike Affidavits (Doc. 115). Plaintiff Edward Bennett, appearing pro se, has filed responses to the above-pending motions.

## I. Factual Background

Unless otherwise noted, the following facts are undisputed. Plaintiff Edward Bennett ("Plaintiff") and Defendant Lashedda Johnson ("Johnson") have a child together, D.B. ("Child"). On June 24, 1999, the District Court of Tulsa County entered a protective order against Plaintiff, ordering Plaintiff to remain away from Johnson ("Protective Order").[1] On February 8, 2000, the District Court of Tulsa County issued an Order stating the Plaintiff was the natural father of Child, granting Johnson sole custody of Child, ordering Plaintiff to pay child support, and referring the issue of visitation to a mediator ("Custody Order"). No mediation was held, and Plaintiff therefore has no court-ordered visitation rights to Child.

---

[1] The Protective Order does not mention Child.

On August 15, 2006, Plaintiff, appearing pro se, filed a lawsuit against several Tulsa police officers and the Tulsa Police Department, alleging that such officers unlawfully entered and trespassed upon his property and used excessive force against him in the course of an arrest attempt in August 2004. *See Bennett v. Fuller, et al.*, 06-CV-420-GKF-PJC (N.D. Okla.) ("First Federal Case"). On July 31, 2008, Judge Gregory Frizzell granted summary judgment as to the trespass and unlawful entry claims and denied summary judgment as to the excessive force claim. On December 8, 2008, the case settled. Over a year later, on June 8, 2010, Plaintiff filed a motion to enforce settlement agreement. On August 13, 2010, Judge Frizzell entered a Journal Entry of Agreed Judgment in favor of Plaintiff in the amount of $35,000.

On December 5, 2008, Plaintiff picked up Child from school without Johnson's permission. Sometime after school ended, Johnson called Child on his own cell phone, and Child spoke to Johnson. Johnson also spoke with Plaintiff on Child's cell phone. There exist factual disputes as to the content of such calls. Plaintiff contends that Child and Plaintiff informed Johnson of their location, while Johnson contends that Plaintiff refused to tell her their location. Johnson called 911, told the operator that Plaintiff had Child without custody or permission, and that Plaintiff refused to return Child to Johnson.

One of the police officers assigned to Plaintiff's case was Defendant Mark Wollmershauser ("Wollmershauser"). Wollmershauser and another officer met Johnson at Johnson's mother's house, where they reviewed the Protective Order and Custody Order. According to Wollmershauser's deposition, Johnson informed the officers that she worked for "the mayor's office" but did not provide any other details about her city employment. This was the first time Johnson met Wollmershauser. At some point, Wollmershauser spoke with Plaintiff via Child's cell phone. Again,

the contents of such conversation are disputed. At some point, Plaintiff himself called 911 and told them his and Child's location, which was Plaintiff's grandmother's house. After proceeding to such house and finding Plaintiff and Child, Wollmershauser consulted with another detective to determine the proper crime for which to arrest Plaintiff. After such consultation, officers arrested Plaintiff for the crime of child stealing, in violation of Okla. Stat. tit. 21, § 891.

In the police report completed by Wollmershauser, Wollmershauser stated that officers contacted Plaintiff, Plaintiff gave them a false address, they proceeded to such address, but then ultimately located Plaintiff and Child at another location. (*See* Ex. 2 to Pl.'s Resp. to Johnson's Mot. for Summ. J. ("Because he had refused to tell Ms. Johnson, or us, where him and the child were and because he was detaining the child in a manner to conceal him from her and us, he was arrested for child stealing.").) Plaintiff disputes that he ever concealed his whereabouts from Johnson or officers, as evidenced by "Plaintiff's call to police from location of arrest." (Pl.'s Resp. to Johnson's Mot. for Summ. J. 6.)

On December 10, 2008, Plaintiff was charged by Felony Information with child stealing in case CF-1008-5996 in the District Court for Tulsa County ("Criminal Proceeding"). Attached to the Felony Information are allegations regarding Plaintiff's former convictions. This document was signed by an Assistant District Attorney. It contains a notation indicating that it was "prepared by" Defendant LuCretia D. Moore ("Moore"). On June 10, 2009, following a preliminary hearing, the judge granted Defendant's motion for demurrer and dismissed the charge. During the hearing, Child testified that he told Johnson his whereabouts at various times when she called his cell phone.

On September 21, 2009, Plaintiff, appearing pro se, filed his Complaint in this case. The Court allowed numerous amendments to the Complaint, (*see* Doc. 26, 63), and issued orders on

various motions to dismiss (*see* Docs. 45, 72). Relevant to the currently pending motions, Plaintiff alleges that Johnson, acting under color of law, violated his constitutional rights as follows: (1) "4th Amendment – Malicious prosecution for false allegations levied resulting in felony charges"; (2) "14th Amendment – Conspiracy to maliciously prosecute/convict for false ommitted [sic] testimony for purpose of depriving plaintiff of right to be free (liberty) from vexatious litigation. (Due Process)"; (3) "1st Amendment – Conspiracy to retaliate against plaintiff for plaintiff's involvement with defendant Johnson's former employer (City of Tulsa) in the [First Federal Case]." (*See* Doc. 22.) Construed liberally, Plaintiff asserts that Johnson: (1) made false allegations to officers prior to Plaintiff's arrest, in violation of the Fourth Amendment; (2) conspired with others to give and actually gave false testimony during the Criminal Proceeding, in violation of the Fourteenth Amendment; and (3) conspired with other city employees to retaliate against Plaintiff for filing the First Federal Case, in violation of the First Amendment.[2]

At times relevant to Plaintiff's claims against Johnson, she was employed as a Senior Administrative Assistant to the Information Technology Department of the City of Tulsa ("City IT Administrative Assistant"). Her job responsibilities included providing administrative assistance to the Chief Technology Officer, including managing correspondence and scheduling meetings.

In his Second Amended Complaint, the first pleading to mention Moore, Plaintiff alleges the following:

> Lucretia D. Moore individual (preparer): For fraudulent production of conviction record . . . in felony child stealing prosecution cf-5996-08 . . . in attempts to violate plaintiff's right to a fair trial by biasing potential jurors to shocking accusations of

---

[2] Due to Plaintiff's pro se status, the Court has construed various filings (Doc. 1, 22, and 64) as one pleading governing the litigation. The parties had sufficient notice of such pleadings and the Court's intent in advance of any relevant deadlines.

>crimes not committed by plaintiff to bolster attempted conviction for retaliation 1st 14th. Deprivation of liberty. Libel, Retaliation.

(Second Am. Compl., Doc. 64.) Construed liberally, Plaintiff asserts that Moore: (1) falsified his conviction record to assist prosecutors in gaining a false conviction, in violation of the Fourteenth Amendment; (2) retaliated against him for filing the First Federal Case, in violation of the First Amendment; and (3) committed libel by falsifying his conviction records. At all relevant times, Moore was an administrative staff member within the Tulsa County District Attorney's office.

Johnson filed a motion for summary judgment, arguing that all claims against Johnson fail because Plaintiff cannot satisfy the color of law requirement under § 1983. Johnson also filed a motion to strike certain documents submitted by Plaintiff in opposition to the motions for summary judgment, arguing that such documents were filed untimely and in contravention of court order. Moore filed a motion for summary judgment, arguing (1) Moore is entitled to qualified immunity on Plaintiff's § 1983 claims; (2) Plaintiff's libel claim is outside the statute of limitations; and (3) Plaintiff cannot satisfy the elements of a libel claim.[3]

## II. Motion to Strike

The Court has been fairly lenient in granting Plaintiff extensions of time and leave to amend due to his pro se status. However, on May 13, 2011, the Court denied Plaintiff's motion for additional time to submit affidavits in support of his responses to motions for summary judgment. (*See* Doc. 107.) The Court did so because (1) Plaintiff did not indicate when he planned to file such affidavits, (2) Plaintiff did not show cause for failing to obtain them within the discovery period and failing to include the affidavits as evidence in support of his previously filed response briefs, and (3)

---

[3] Because the libel claim is outside the statute of limitations, the Court does not reach Moore's third argument.

the briefing cycle on the motions for summary judgment was nearly complete. After the motions for summary judgment were fully ripe, Plaintiff filed affidavits completed by his mother and grandmother. (Docs. 112, 113.) Plaintiff also filed a "Sworn Statement of Facts." (Doc. 114.) Johnson moved to strike these three documents as untimely and in contravention of the Court's May 13, 2011 order. Johnson's motion to strike is granted, as Docs. 112-114 were untimely, filed without leave of couty, and after the summary judgment briefing was complete. Docs. 112-114 shall be stricken.

### III. Summary Judgment Standard

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.* However, the party seeking to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party seeking to overcome a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

### III. Johnson's Motion for Summary Judgment

Plaintiff alleges that, by making false allegations to officers at the time of Plaintiff's arrest and testifying falsely at the time of the Criminal Proceeding, Johnson violated his constitutional rights. Plaintiff further alleges that Johnson was acting under color of state law in committing such

violations "because she used authority as fellow city employee to instigate, and influence false charge/arrest." (Compl., Doc. 1 at 1.)

Plaintiff's claims against Johnson arise under 42 U.S.C. § 1983 ("§ 1983"). *See Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir.1995) ("Section 1983 provides a remedy for constitutional violations committed by state actors."); *see also* Compl., Doc. 1 at 3 (citing § 1983 as federal statute giving rise to claims).

An essential element of all § 1983 claims is that "the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007) (internal quotations omitted). Johnson contends that she is entitled to summary judgment because she was not "acting under color of state law" at the time of any of the alleged violations, either as a City IT Administrative Assistant [4] or as a private citizen.

### A. City IT Administrative Assistant

Assuming Plaintiff is trying to satisfy the state action requirement based on Plaintiff's status as a city employee, *see supra* note 4, such claim must be rejected. Action taken "under color of law"

---

[4] Based on Plaintiff's deposition testimony, it is not clear that he seeks to hold Johnson liable under § 1983 based on her status as a city employee:

> Q: So is any part of the factual basis for your claims against [Johnson] being a state actor that she was an employee of the City of Tulsa?
> A: I don't believe that's – I don't think that's a element of – as far as what I'm trying to claim, as far as her – where she worked. I believe she was a private citizen; and if you do a prohibited act with the state actor, the State is liable for you then. That's basically my understanding of what my allegation is.

(Bennett Dep. 22:11-20, Ex. B to Johnson's Mot. for Summ. J.) Nonetheless, the Court will briefly address Plaintiff's potential liability as a state actor by virtue of her city employment because Johnson addressed it in her summary judgment motion.

is defined as "the misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *D.T. by M.T. v. Indep. Sch. Dist. No. 16 of Pawnee Cnty., Okla.*, 894 F.2d 1176, 1186 (10th Cir. 1990). Plaintiff has presented no evidence that Johnson, in making the initial 911 call and accusing Plaintiff of wrongfully taking Child, misused or even used any power possessed by her as City IT Administrative Assistant. Nor has Plaintiff demonstrated that Johnson made threats or somehow wielded state power over Wollmershauser in the process of accusing Plaintiff and/or subsequently testifying against him. *See Hall v. Witteman*, 584 F.3d 859, 866 (10th Cir. 2009) (affirming dismissal of § 1983 claim against county attorney who allegedly convinced a local newspaper to pull the plaintiff's advertisement opposing a judge's re-election) ("In the case before us, there is no allegation of any act by [the county attorney] in which he abused, or even used, any power that he possessed by virtue of state law. In particular, there is no allegation that he threatened or hinted at any possibility of his future action as county attorney if [the paper] ran [the plaintiff's] second ad . . . . Exploiting the personal prestige of one's public position is not state action absent at least some suggestion that the holder would exercise governmental power."). In contrast to a county attorney or other position of potential power, Johnson's position as City IT Administrative Assistant does not lend itself to a threat of exercising governmental power over police officers, prosecutors, and/or members of the judicial process involved with Plaintiff's arrest and prosecution for child stealing. Therefore, the state action requirement is not satisfied based on Johnson's use or misuse of her power as City IT Administrative Assistant. Instead, Johnson's alleged actions must be deemed "personal pursuits," which are separate and apart from her status as a city employee. *D.T. by M.T.*, 894 F.2d at 1186 ("Acts of a state officer in the ambit of his personal pursuits are not acts under color of state law.").

8

### B. Private Citizen

Where a § 1983 claim is based on the conduct of a private individual, that conduct constitutes state action if it is "fairly attributable" to the state. *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000). "A private individual's conduct is fairly attributable to the state if two conditions are met: First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the state is responsible. Second, the private party must have acted together with or . . . obtained significant aid from state officials or engaged in conduct otherwise chargeable to the State." *Id.* (internal quotations omitted).

With respect to the second element, the Tenth Circuit has held that merely reporting conduct to police, when police make their own judgment to arrest or charge a plaintiff with a crime, is insufficient to constitute state action. *See Carey v. Continental Airlines, Inc.*, 823 F.3d 1402, 1404 (10th Cir. 1987) (cited with approval in *Hern*, 216 F.3d at 906) (holding that [private person's] complaining about [the plaintiff's] presence to a Tulsa police officer who, acting within the scope of his statutory duties, arrested [the plaintiff] after questioning him, does not, without more, constitute state action for which [the private party] can be held responsible"); *Lee v. Town of Estes Park, Colo.*, 820 F.2d 1112, 1115 (10th Cir. 1987) (explaining that the "mere furnishing of information to police officers who take action thereon does not constitute joint action under color of state law which renders a private actor liable under § 1983"). Instead, Plaintiff must show that his arrest or prosecution "resulted from [] concerted action, conspiracy, prearranged plan, customary procedure,

or policy that substituted the judgment of a private party for that of the police [or prosecutor] and allowed a private party to exercise state power." *Carey*, 823 F.3d at 1404.[5]

Plaintiff's evidence fails to create any genuine issue of fact as to the second element – namely, that Johnson acted together with Wollmershauser or any other state actor to deprive Plaintiff of his constitutional rights. Johnson presented evidence that Wollmershauser did not know Johnson prior to her 911 call, that Wollmershauser was randomly dispatched to handle the call, that Wollmershauser was not influenced in any way by Johnson's status as a city employee, and that Wollmershauser made an independent decision to arrest Plaintiff for the crime of child stealing after consulting with a supervisory officer. Plaintiff's own testimony does not refute this evidence. In fact, Plaintiff does not even appear to allege any concerted joint action between Johnson and Wollmershauser; he simply alleges that both individuals fabricated and/or omitted relevant facts in relation to his arrest and prosecution. (*See* Bennett Dep. at 15-21 (admitting that Johnson and Wollmershauser never agreed to do anything and never knew each other prior to these incidents but that both independently, and for reasons unknown to Plaintiff, "manipulated the information that they had").)

Plaintiff's other evidence – consisting of Exhibits 1-10 to his response to Johnson's motion for summary judgment – also does not create a genuine question of fact as to whether Plaintiff's arrest and/or prosecution resulted from any concerted action, conspiracy, or prearranged plan. *See Carey*, 823 F.3d at 1404. Plaintiff cited Johnson and Wollmershauser's preliminary hearing testimony, (*see* Ex. 1 to Pl.'s Resp. to Johnson's Mot. for Summ. J.), as evidence of concerted action.

---

[5] Plaintiff does not allege that the Tulsa Police Department or Tulsa County District Attorney's Office has a policy or procedure to make false arrests or instigate false prosecutions. Therefore, the Court need not address this type of potential state action identified in *Carey*.

However, the Court finds that neither this testimony, nor any other evidence attached to Plaintiff's response, reasonably point to a conspiracy or prearranged plan between Johnson, Wollmershauser, or any member of the district attorney's office to deprive Plaintiff of his constitutional rights. Therefore, Plaintiff's evidentiary presentation is insufficient to survive summary judgment as to the second element, and Plaintiff cannot demonstrate that Johnson's private conduct of reporting and/or testifying constituted state action. Plaintiff's inability to satisfy the "under color of state law" requirement is fatal to all claims against Johnson, and Johnson is entitled to summary judgment.

## IV. Moore's Motion for Summary Judgment

### A. § 1983 Claims[6]

Moore has asserted the defense of qualified immunity, pursuant to which "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Douglas v. Dobbs*, 419 F.3d 1097, 1100 (10th Cir. 2005) (internal quotations omitted). When a defendant raises the defense of qualified immunity to a § 1983 claim, the Court must conduct a two-part inquiry. *Id.* First, the Court asks "whether the facts alleged, viewed in the light most favorable to the party asserting injury, show the official's conduct violated a constitutional right." *Id.* Second, the Court asks "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 1100-01. At the summary judgment stage, in order "to avoid judgment for the defendant based on qualified immunity, the plaintiff must show that the defendant's actions violated a specific statutory or constitutional right,

---

[6] Although not explicitly pled in the Second Amended Complaint, that Court agrees with Moore that Plaintiff's constitutional claims necessarily arise under §1983.

and that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue." *Toevs v. Reid*, 646 F.3d 752, 755 (10th Cir. 2011). The Court views the record "in the light most favorable to the plaintiff," *see id.*, but need not accept facts that are not supported by the record, *see York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008).

Plaintiff has failed to meet his burden of satisfying the first prong – that Moore's conduct of preparing the conviction record violated his Fourteenth Amendment rights or First Amendment rights. First, Plaintiff has presented no evidence – other than his conclusory allegations – that Moore falsified his conviction records. Upon review of Plaintiff's deposition, it is clear that Plaintiff does not allege that Moore had any relationship with Johnson, Wollmershauser, or Plaintiff that would have caused her to intentionally falsify Plaintiff's records for use in the Criminal Proceedings. In other words, Plaintiff has not presented any supporting facts that Moore was somehow part of a larger conspiracy between various city employees to have him wrongly convicted of child stealing. It is apparent that Moore was sued only because her name appeared at the bottom of a document as the "preparer," and Plaintiff has no evidence that Moore actually falsified such record or had motive to falsify such record based on her relationship with Johnson, Wollmershauser, or any other Defendant. Instead, Plaintiff's claims are based solely upon speculative, conclusory allegations that are not supported by record evidence. Under these circumstances, Plaintiff cannot demonstrate that Moore's conduct – which consists of preparing a conviction report in the routine course of performing her duties and delivering such report to prosecutors – was personally involved in denying Plaintiff of any constitutional rights. *See Bruner*, 506 F.3d at 1026 (explaining that "[s]ection 1983 claims against public officials must demonstrate some form of personal involvement on the part of the individual defendants" and that a "causal connection is shown if the defendants set in motion a series of events

that the defendants knew or reasonably should have known would cause others to deprive the plaintiff of his constitutional rights"). Therefore, Plaintiff cannot overcome the first hurdle necessary to defeat Moore's claim of qualified immunity, and Moore is entitled to qualified immunity on both of Plaintiff's § 1983 claims.[7]

**B.       Libel Claims**

By Oklahoma statute, libel is defined as "a false or malicious unprivileged publication by writing, printing, picture, or effigy or other fixed representation to the eye, which exposes any person to public hatred, contempt, ridicule or obloquy, or which tends to deprive him of public confidence, or to injure him in his occupation." Okla. Stat. tit. 12, § 1441. Libel has a one-year statute of limitations. Okla. Stat. tit. 12, § 95(4).

Moore is entitled to judgment on Plaintiff's libel claim because it was filed outside the one-year statute of limitations. The document prepared by Moore containing the allegedly libelous statements – namely, the two false convictions – was publically filed in the Criminal Proceeding on December 10, 2008 and was used during the preliminary hearing for the Criminal Case on June 10, 2009. Therefore, even assuming the discovery rule somehow tolled the statute until the June 10, 2009 hearing, the statute began to run no later than June 10, 2009. The Amended Complaint, which is the first pleading to mention Moore or assert claims against Moore, was filed July 30, 2010, outside the one-year statute of limitations.

---

[7] Plaintiff survived a motion to dismiss by alleging that Moore falsified his conviction report by adding two false convictions. (*See* Doc. 74.) However, Plaintiff was unable to gather any direct evidence that Moore falsified the report or any circumstantial evidence that would tend to show she did so or had any motive to do so.

The only way Plaintiff's libel claim may potentially be saved is if it "relates back" to earlier pleadings filed September 10, 2008 (Doc. 1) or March 3, 2010 (Doc. 22). When an amended pleading adds a new defendant, as the Second Amended Complaint did in this case, a plaintiff must satisfy the three requirements of Federal Rule of Civil Procedure 15(c)(1)(C) ("Rule 15(c)(1)(C)". *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). Such requirements include: "(1) the claim asserted in the amended complaint arises out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (2) the party being added by the amendment received notice of the institution of the action within the time period specified in Federal Rule 4(m) for service of a summons and complaint and that new party will not be prejudiced in maintaining a defense on the merits; and (3) the party being added to the litigation knew or should have known that the action would have been brought against him or her but for a mistake as to the identity of the proper party." *Toevs v. Reid*, No. 06-CV-1620, 2010 WL 918069, at * 5 (D. Colo. Mar. 12, 2010) (summarizing statutory requirements) (citing *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001); *Leonard v. Parry*, 219 F.3d 25, 28 (1st Cir. 2000)). This rule was intended to resolve the problem of a misnamed defendant and allow a party to correct a formal defect such as a "misnomer" or "misidentification." *See Garrett*, 362 F.3d at 696-97.

Rule 15(c)(1)(C) has no application to this case. Plaintiff's libel claim against Moore is not an attempt to correct any defect in the original pleadings. Instead, it is a new claim asserted against a new defendant who has no readily identifiable relationship with the originally named defendants. At the time of the original pleading, Moore did not know, nor should she have known, that the action would have been brought against her but for a mistake concerning some other "proper" party's identity. Accordingly, Moore is entitled to judgment on the libel claim because: (1) it was filed July

10, 2010, outside the applicable one-year statute of limitations; and (2) it does not relate back to the original pleading.[8]

IV.     Conclusion

Defendant Lucretia Moore's Motion for Summary Judgment (Doc. 98) is GRANTED. Defendant Lashedda Johnson's Motion for Summary Judgment (Doc. 99) is GRANTED. Defendant Lashedda Johnson's Motion to Strike Affidavits (Doc. 115) is GRANTED. Defendant Lashedda Johnson's Motion in Limine (Doc. 117) is DENIED as moot. The remaining Defendants, City of Tulsa and Wollmershauser, shall respond to Plaintiff's Motion in Limine (Doc. 65) no later than September 30, 2011.[9]

SO ORDERED this 21st day of September, 2011.

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**

---

[8] The Court's analysis would be the same applying Oklahoma law. *See Roth v. Mercy Health Center, Inc.*, 246 P.3d 1079, 1088 (Okla. 2011) (applying Okla. Stat. tit. 12, § 2015(C)(3)(b)) (requiring that a prospective defendant knew or should have known that they would have been named as a defendant but for "errors" in original pleadings). Thus, Plaintiff cannot show that relation back is allowed by Federal Rule of Civil Procedure 15(c)(1)(A) (allowing relation back if "the law that provides the applicable statute of limitations allows relation back").

[9] On March 28, 2011, counsel for the remaining Defendants, City of Tulsa and Wollmershauser, requested an extension of all scheduling order deadlines, including the dispositive motion deadline, based on staffing shortages. (*See* Doc. 97.) The Court granted this extension, but Defendants City of Tulsa and Wollmershauser did not file dispositive motions or seek a further extension. The claims against such Defendants are set for a jury trial on October 17, 2011.